JENNIE CLARKSON HOME FOR CHILDREN, Respondent, v. MISSOURI, K. & T. RY. CO. et al., Appellants. (Supreme Court, Appellate Division, First Department. March 25, 1904.) Action by the Jennie Clarkson Home for Children against the Missouri, Kansas & Texas Railway Company and another. From a judgment for plaintiff (83 N. Y. Supp. 913), defendants appeal. Affirmed. Ward, Hayden & Satterlee, for appellant Missouri, K. & T. Ry. Co. William R. Bronk, for appellant Gibson. Sackett & McQuaid, for respondent.

INGRAHAM, J. The questions presented upon this appeal are the same as those determined in the case of Jennie Clarkson Home for Children v. Chesapeake & Ohio Railway Co. (decided herewith), 87 N. Y. Supp. 348; and for the reasons stated in that case the judgment appealed from should be modified, by requiring the Missouri, Kansas & Texas Railway Company to restore to the plaintiff the bonds which it has illegally transferred, or, in default of the delivery of such bonds to the plaintiff, the plaintiff should have judgment for the value of the bonds as found by the court, with interest, and that the defendant the Missouri, Kansas & Texas Railway Company is entitled to judgment against the defendant Gibson for the amount that it is required to pay to the plaintiff as the value of the bonds, with interest thereon, and, as modified, the judgment should be affirmed, with costs to the plaintiff.

VAN BRUNT, P. J., concurs in result.

HATCH, J. I concur in the opinion of Mr. Justice INGRAHAM so far as it disposes of the question arising between the railway company and the plaintiff, and also between the railway company and Gibson. I also think that the plaintiff is entitled to the judgment which it has obtained against Gibson. The form which the trial of the action assumed conferred authority upon the court to award any relief which the facts warranted; and, as it appeared that the defendant Gibson could be made liable for a conversion of the proceeds of the bonds, it was proper for the court to award the judgment against him which it did. I am, therefore, for the affirmance of the judgment in its entirety. The judgment should be affirmed, with costs.

PATTERSON and LAUGHLIN, JJ. We concur in the opinion of Mr. Justice INGRAHAM, except so far as the liability of the defendant Gibson to the plaintiff is concerned, and with respect to that we concur in the opinion of Mr. Justice HATCH.

---

JENNINGS, Respondent, v. NICHOLS et al., Appellants. (Supreme Court, Appellate Division, Third Department. March 15, 1904.) Action by Herbert T. Jennings, as receiver of the Oneonta, Cooperstown & Richfield Springs Railway Company, against Morton C. Nichols and others. No opinion. Appeal dismissed, on stipulation, without costs.

---

JEWELL, Respondent, v. CITY OF MT. VERNON, Appellant. (Supreme Court, Appellate Division, Second Department. April 29, 1904.) Action by William Jewell against the city of Mt. Vernon. No opinion. Motion for reargument denied, with $10 costs.

---

JOHNSON v. ROACH. (Supreme Court, Appellate Division, First Department. April 8, 1904.) Action by Mary M. Johnson against Edward Roach. No opinion. Motion granted.

---

JONES, Respondent, v. BROOKLYN HEIGHTS R. CO., Appellant (two cases). (Supreme Court, Appellate Division, Second Department. April 22, 1904.) Actions by Athalia Jones and by George E. Jones against the Brooklyn Heights Railroad Company.

PER CURIAM. We do not consider that the determination of the appeals from the orders in these cases affects the question which it is suggested in the moving papers was raised and determined upon the trials of the cases as to the admissibility of the release as evidence upon the measure of damages; and these motions are therefore denied.

---

KEIM v. TOWNSEND. (Supreme Court, Appellate Division, First Department. April 8, 1904.) Action by Frederick Keim against David C. Townsend. No opinion. Motion denied.